```
                        United States Bankruptcy Court
                        Middle District of Pennsylvania
In re:                                                           Case No. 14-00080-HWV
Terry L. Lake, Sr.                                               Chapter 13
Virginia J. Lake
         Debtors                 CERTIFICATE OF NOTICE
District/off: 0314-1         User: CGambini              Page 1 of 1           Date Rcvd: Sep 19, 2018
                             Form ID: 3180W              Total Noticed: 11
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 21, 2018.
```
db/jdb         +Terry L. Lake, Sr.,   Virginia J. Lake,    12120 Two Top Road,    Mercersburg, PA 17236-9733
4430330        +Allied Interstate,    3000 Corporate Exc,    Columbus, OH 43231-7689
4497070        +Deutsche Bank National Trust Company,    c/o Zucker, Goldberg & Ackerman, LLC,
                 200 Sheffield Street, Suite 101,    Mountainside, NJ 07092-2315
4430335        +Select Portolio Servicing,    10401 Deerwood Park Blvd,    Jacksonville, FL 32256-5007
4430336         Tammy Springer Tax Collector,    Tuscarora School District,    Montgomery Twsp,
                 Mercersburg, PA 17236
4430337        +Waynesboro Hospital,    501 E Main St,    Waynesboro, PA 17268-2394
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
4454190        +EDI: CBS7AVE Sep 19 2018 22:53:00      Ginny's,   c/o Creditors Bankruptcy Service,
                 P.O. Box 740933,    Dallas, TX 75374-0933
4430331        +EDI: CBS7AVE Sep 19 2018 22:53:00      Ginny's Inc,    1112 7th Ave,   P O Box 2816,
                 Monroe, WI 53566-8016
4430332        +EDI: MID8.COM Sep 19 2018 22:53:00      Midland Funding LLC,    8875 Aero Dr Ste 200,
                 San Diego, CA 92123-2255
4430333        +EDI: SEARS.COM Sep 19 2018 22:53:00      Sears Mastercard,   P O Box 6282,
                 Sioux Falls, SD 57117-6282
4430334        +E-mail/Text: jennifer.chacon@spservicing.com Sep 19 2018 19:15:33
                 Select Portfolio Servicing Inc,    P O Box 65250,   Salt Lake City, UT 84165-0250
                                                                                              TOTAL: 5

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 21, 2018                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 19, 2018 at the address(es) listed below:
```
              Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
              James Warmbrodt    on behalf of Creditor    Deutsche Bank National Trust Company, as Indenture
               Trustee, on behalf of the holders of the Accredited Mortgage Loan Trust 2007-1 Asset Backed
               Notes bkgroup@kmllawgroup.com
              Matthew Christian Waldt    on behalf of Creditor    Select Portfolio Servicing, Inc. as servicing
               agent for Deutsche Bank National Trust Company, as Indenture Trustee, on behalf of the holders
               of the Accredited Mortgage Loan Trust 2007-1 Asset Backed N mwaldt@milsteadlaw.com,
               bkecf@milsteadlaw.com
              Matthew Christian Waldt    on behalf of Creditor    Deutsche Bank National Trust Company, as
               Indenture Trustee, on behalf of the holders of the Accredited Mortgage Loan Trust 2007-1 Asset
               Backed Notes mwaldt@milsteadlaw.com, bkecf@milsteadlaw.com
              Michael John Csonka    on behalf of Debtor 1 Terry L. Lake, Sr. office@csonkalaw.com,
               kwhitsel@csonkalaw.com;r48114@notify.bestcase.com
              Michael John Csonka    on behalf of Debtor 2 Virginia J. Lake office@csonkalaw.com,
               kwhitsel@csonkalaw.com;r48114@notify.bestcase.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                              TOTAL: 7
```

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | **Terry L. Lake Sr.** | Social Security number or ITIN | xxx–xx–9219 |
| | First Name  Middle Name  Last Name | EIN | _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Virginia J. Lake** | Social Security number or ITIN | xxx–xx–3024 |
| | First Name  Middle Name  Last Name | EIN | _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court  **Middle District of Pennsylvania** | | | |
| Case number:  **1:14–bk–00080–HWV** | | | |

# Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Terry L. Lake Sr.

Virginia J. Lake

**By the court:**

*[signature: Henry W. Van Eck]*

September 19, 2018

Honorable Henry W. Van Eck
United States Bankruptcy Judge

By: CGambini, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**